

## IN THE DISTRICT COURT OF CARTER COUNTY
## STATE OF OKLAHOMA

RUTH ANN MCNEILL, as trustee of the
VICKREY FAMILY TRUST,
on behalf of herself in her representative capacity
and all others similarly situated,

       Plaintiff,

v.

CITATION OIL & GAS CORP.
(including affiliated predecessors and affiliated
successors),

       Defendants.

Case No. _C J - 20 / 7 - 44_

### PLAINTIFF'S ORIGINAL
### CLASS ACTION PETITION

   Ruth Ann McNeill, as Trustee of the Vickrey Family Trust ("Plaintiff"), on behalf of

herself in her representative capacity and the Class of all other persons similarly situated, file this

Original Class Action Petition against Citation Oil & Gas Corp. ("Defendant"), and alleges and

states as follows:

### SUMMARY OF ACTION

   1.  This class action suit concerns Defendant's willful and ongoing violations of

Oklahoma law related to payment of oil and gas production proceeds ("O&G Proceeds") to

persons with a legal interest in the mineral acreage under a well which entitles such person(s)

(*i.e.*, the "Owner") to payments of O&G Proceeds.

   2.  Plaintiff is an Owner in an oil and gas wells in Oklahoma in which Defendant has

incurred an obligation to pay O&G Proceeds.  Defendant is operator of the wells and pays

royalty to Plaintiff and is statutorily obligated to pay interest to Plaintiff.

**EXHIBIT**

**1**

3.      The oil and gas industry has historically been rife with abuse by lessees and operators who routinely delay and/or suspend payments to Owners to, among other things, obtain interest free loans at the expense of Owners.  Because of the lessee's or operator's control over the relationship, they are able to easily and successfully employ such schemes.

4.      Oklahoma law attempts to redress and/or prevent such abuses by requiring companies, including Defendant, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute ("Untimely Payments").  OKLA. STAT. tit. 52, § 570.10(D); *see generally*, OKLA. STAT. tit. 52, § 570, *et seq.* (the "Production Revenue Standards Act" or the "Act").

5.      The Act gives Owners a uniform, absolute right to interest on Untimely Payments, regardless of whether such payments were previously suspended to address title marketability issues, or any other reason such payments were not made within the time limits required by the Act.  The plain language of the Act imposes an obligation to include interest on Untimely Payments.  Compliance with this statutory requirement is not optional and does not require a prior written or oral demand by Owners.

6.      Defendant is well aware of its obligations to pay the required interest on Untimely Payments.  Nevertheless, in violation of Oklahoma law, Defendant ignored its obligation to pay interest on Untimely Payments made to Plaintiff.  Indeed, on information and belief, Defendant routinely delays payment of production proceeds and denies Owners the interest payments to which they are entitled as part of an overarching scheme to avoid its obligations under Oklahoma law.

7.      Accordingly, Plaintiff files this class action lawsuit against Defendant to obtain relief on behalf of all similarly situated Owners who received any Untimely Payments for which Defendant did not include payment of interest as required by the Act.

8.      Plaintiff files this class action lawsuit against Defendant for breach of its statutory obligation to pay interest and fraud.  Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Defendant.

## PARTIES

9.      Plaintiff is a resident and citizen of the State of Oklahoma.

10.     Plaintiff is an Owner in Oklahoma wells and is entitled to payment of O&G Proceeds therefrom.

11.     Citation Oil & Gas Corp. is a corporation organized under Delaware law with its principal place of business in Texas and may be served with process by serving its registered agent, The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128.

12.     At all times relevant to the claims asserted herein, Defendant was a producing owner or operator of oil and/or gas wells in the State of Oklahoma.  Defendant is obligated to pay O&G Proceeds to Plaintiff and the putative class.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction to hear these matters pursuant to OKLA. STAT. tit. 52, § 570.14(A).

14.     This Court has jurisdiction over Defendant because Defendant maintains substantial activity in Oklahoma.

15.     Venue is proper in this court pursuant to OKLA. STAT. tit. 12, §§ 133 and 137.

16.    Jurisdiction is properly laid in the District Court of Carter County, Oklahoma because the amount in controversy, exclusive of attorney's fees, litigation expenses, costs, and interest, exceeds the sum of $10,000.00.  However, the claims of the named Plaintiff are less than $75,000.00.

## CLASS ACTION ALLEGATIONS

17.    The allegations set forth above are incorporated herein by reference.

18.    Plaintiff brings this action as the representative of a Class pursuant to OKLA. STAT. tit. 12, § 2023(B)(2) and § 2023(B)(3).  The Class is comprised of:

> All non-excluded persons or entities who: (1) received Untimely Payments from Defendant (or Defendant's designee) for O&G Proceeds from Oklahoma wells; and (2) whose payments did not include statutory interest.

> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) publicly traded oil and gas companies and their affiliates; (3) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the court.

19.    Upon information and belief, absent Class members who are entitled to interest owing on Defendant's Untimely Payments number in the hundreds.  Therefore, the Class is so numerous that joinder of all members is impracticable.

20.    The questions of fact and law common to the Class, include:

a.  Whether Plaintiff and the Class own legal interests in the Oklahoma mineral acreage upon which Defendant has an obligation to pay O&G Proceeds;

b.  Whether, under Oklahoma law, Defendant owed interest to Plaintiff and the Class on any Untimely Payments;

c.  Whether Defendant's failure to pay interest to Plaintiff and the Class on any Untimely Payments constitutes a violation of the Act;

d.  Whether Defendant defrauded Plaintiff and the Class by knowingly withholding statutory interest; and

4

     e.  Whether Defendant is obligated to pay interest on future Untimely Payments.

21.    Plaintiff's claims are typical of the Class' claims because the claims are identical for each Class member.

22.    Defendant treated Plaintiff and the Class in the same way by failing to pay the required interest on Untimely Payments.

23.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including class and mass actions.

24.    The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

25.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a.  The questions of law and fact are so uniform across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own actions, at their own expense;

    b.  To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought herein, against Defendant relating to Defendant's failure to pay interest owing on the Untimely Payments of O&G Proceeds as required by law;

    c.  The interests of all parties and the judiciary in resolving these matters in one forum without the need for multiplicity of actions is great;

    d.  The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and

    e.  Absent a class action, Plaintiff and the Class members may never discover the wrongful acts of Defendant, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendant.

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

26.     The allegations set forth above are incorporated herein by reference.

27.     Defendant owned and/or operated (and/or Defendant owned a working interest in) numerous oil and/or gas wells throughout Oklahoma. Defendant owed payments of O&G Proceeds to Plaintiff and Class members as a result of the mineral production from such wells.

28.     "For decades, oil and gas producers or first purchasers would for various reasons delay or decline to distribute the proceeds from the first sale to interest owners and use those funds for their own purposes until they were ultimately distributed, if at all." 2015 OK AG 6 at ¶ 2 (Sep. 1, 2015) (*citing* Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 31 Okla. City U. L. Rev. 1, 4 (2006)). Holders of the production proceeds frequently and intentionally avoided making any reasonable efforts to locate interest owners or notify them of their interest. *See id.* Instead, they would "suspend" their royalty payments until demanded and, in the meanwhile, gain the benefit of the possession of those funds. *See id.* Moreover, even when they eventually made the royalty payments, the holders often would not pay interest. *See id.* "[T]here was a great incentive to delay royalty payments" and "many producers routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." *See id.* (*citing* Bondurant at 18). This not only deprived interest owners of the time-value of the money owed to them, it also gave rise to "an ever increasing case load of litigation between royalty owners and purchasers…precipitated by the use of suspense accounts." *Id.* (*citing Hull v. Sun Refining & Mktg. Co.*, 1989 OK 168, ¶ 9, 789 P.2d 1272, 1277).

29.     As a result of this conduct, many states, including Oklahoma, enacted statutes to curtail this abuse. In Oklahoma, the Act requires Defendant to make payments within certain time periods. Further, the Act requires Defendant to pay interest on any Untimely Payments, regardless of the reasons why such payments were delayed. The Act gives Owners an absolute right to interest on Untimely Payments. The plain language of this statute imposes an obligation to include interest on Untimely Payments. Compliance with this statute is not optional and does not require a prior written or oral demand by royalty owners.

30.     Plaintiff and Class members were entitled to payment of O&G Proceeds from Defendant and, pursuant to the Act, were further entitled to interest on any Untimely Payments from Defendant.

31.     Plaintiff and Class members placed their trust and confidence in Defendant to pay them the O&G Proceeds to which they were entitled, including any interest owed thereon. Defendant has superior access to information regarding O&G Proceeds and the amounts it owed to Plaintiff and the Class, including interest, on Untimely Payments.

32.     When Defendant made Untimely Payments to Plaintiff and Class members, Defendant failed to pay the interest owed pursuant to the Act. Indeed, on information and belief, Defendant's failure to pay the statutorily required interest on Untimely Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under Oklahoma law.

33.     Defendant is not permitted to take advantage of its relationship with Plaintiff and Class members to realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Defendant has used its position as the holder of Plaintiff's and the Class' O&G Proceeds to avoid its statutory obligation to pay the statutory interest due to Plaintiff and the Class in the

event of Untimely Payments. As such, Defendant has improperly treated Plaintiff's and the Class' O&G Proceeds as an interest-free loan without their consent.

34. Upon information and belief, Defendant ignored its obligation under the Act to regard the O&G Proceeds it owed to Plaintiff and the Class as separate and distinct from Defendant's other cash assets. Rather, these proceeds were comingled with Defendant's other cash assets. As such, Defendant improperly, unfairly and in violation of the law profited from its deliberate refusal to pay statutory interest to Plaintiff and the Class.

35. In short, Defendant blatantly ignored Oklahoma law regarding the payment of interest on Untimely Payments. Further, Defendant did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (*i.e.* Plaintiff and the Class) and, instead, held the O&G Proceeds for its own benefit. Defendant has abused its position with Plaintiff and the Class.

36. Plaintiff and the Class have been damaged by Defendant's unlawful acts and omissions.

37. Defendant's wrongdoing – which is in clear violation of Oklahoma law – is ongoing and continues to this day.

## CAUSES OF ACTION

**I.    BREACH OF STATUTORY OBLIGATION TO PAY INTEREST**

38. The allegations set forth above are incorporated herein by reference.

39. Plaintiff brings this cause of action on behalf of herself and the Class.

40. Plaintiff and the Class were legally entitled to the payment of O&G Proceeds from Defendant for wells owned and/or operated by Defendant in Oklahoma.

8

41.    Section 570.10 of the Act requires Defendant to hold O&G Proceeds from the sale of oil and/or gas production for the benefit of the Owners legally entitled thereto.

42.    Section 570.10 of the Act requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods set forth in the Act.

43.    If the holder of any O&G Proceeds subject to the Act fails, for any reason, to make timely payments to persons entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds when the payment is eventually made.

44.    Defendant held O&G Proceeds belonging to Plaintiff and the Class and Defendant failed to timely pay O&G Proceeds owing to Plaintiff and the Class.

45.    In violation of the Act, when Defendant ultimately made its Untimely Payments to Plaintiff and the Class, Defendant did not pay the interest owing on the Untimely Payments.

46.    Defendant's failure to pay interest owing on its Untimely Payments of O&G Proceeds was knowing and intentional and/or the result of Defendant's gross negligence.

47.    Defendant's failure to pay interest owing on its Untimely Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

## II.    **FRAUD**

48.    The allegations set forth above are incorporated herein by reference.

49.    Plaintiff brings this cause of action on behalf of herself and the Class.

50.    Defendant owned and/or operated (and/or Defendant owned a working interest in) numerous oil and/or gas wells throughout Oklahoma.    Thus, Defendant knowingly and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with Oklahoma law.

51.    Defendant, however, took on such duties with the intent to deceive Owners and not pay the full O&G Proceeds owed.  Specifically, Defendant knew it owed interest on Untimely Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members.  Further, Defendant intended to avoid its obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest.

52.    Plaintiff and the Class relied on and trusted Defendant to pay them the full O&G Proceeds to which they were entitled under Oklahoma law.

53.    Plaintiff and the Class have been damaged by Defendant's actions and violations of law.

54.    Defendant's failure to pay the interest it owes to Plaintiff and the Class is a result of Defendant's actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons Defendant knows, or is aware, are legally entitled thereto.  Thus, Defendant should be required to pay punitive damages as a method of punishing Defendant and setting an example of others.

## III.    ACCOUNTING AND DISGORGEMENT

55.    The allegations set forth above are incorporated herein by reference.

56.    Plaintiff requests an accounting on behalf of herself and the Class.

57.    Plaintiff requests the Court enter an order directing Defendant to provide an accounting to Plaintiff and Class members which discloses: (a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Defendant, and (b) the method for calculating such amounts.

58.     Defendant's payment of interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the wrongs committed by Defendant because it will not deprive Defendant of the ill-gotten gains it has obtained through its unlawful behavior.

59.     The principles of equity and good conscience do not permit Defendant to retain the benefits derived from its improper and unlawful use of interest owed on Untimely Payments made to Plaintiff and the Class.

60.     Therefore, Plaintiff requests the Court enter an order directing Defendant to disgorge itself of any benefits derived from its improper and unlawful use of Plaintiff's and the Class' interest payments, including but not limited to interest that has accrued on such interest since the time in which Defendant made the Disputed Payments to Plaintiff and the Class.

## IV.   INJUNCTIVE RELIEF

61.     The allegations set forth above are incorporated herein by reference.

62.     Plaintiff seeks injunctive relief on behalf of herself and the Class.

63.     Unless enjoined by this Court, Defendant will continue its pattern and practice of failing to pay interest owed on Untimely Payments to Plaintiff and the Class members.

64.     Defendant has utilized its superior knowledge and control of information regarding Plaintiff's and the Class' entitlement to interest on Untimely Payments to engage in a fraudulent scheme with regard to its willful and intentional failure to pay such interest. As such, Defendant's wrongdoing is ongoing, and injuries in the future by Plaintiff and the Class are irreparable in that the vast majority of Class members are unaware of their right to be paid interest.

65.     There is no adequate and complete remedy at law for continuing violations of the Act by Defendant.

11

66.     Plaintiff requests the Court enter a permanent injunction, ordering Defendant to pay interest as required by law when Defendant makes future Untimely Payments to Plaintiff and the Class.

67.     Defendant will not suffer any harm as a result of granting the Class members' request for injunctive relief because Defendant's compliance with the Court's order will be consistent with Defendant's legal obligations and duties to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1.     An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2.     An order requiring Defendant to pay Plaintiff and Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendant's breaches and/or unlawful conduct including, without limitation, the compounded interest on Untimely Payments as required by law;

3.     An order requiring Defendant to provide Plaintiff and the Class with an accounting;

4.     An order requiring Defendant to disgorge itself of the ill-gotten gains it has obtained through the unlawful use of interest owed to Plaintiff and the Class;

5.     An order requiring Defendant to pay interest in the future, as required by law, to Plaintiff and the Class;

6.     An order awarding punitive damages as determined by the jury and in accordance with Oklahoma law on each of Defendant's wrongful acts, as alleged in this Petition;

7.     An order requiring Defendant to pay the Class attorney's fees and litigation costs as provide by statute; and

8.     Such costs and other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all matters so triable.

Respectfully Submitted,

REAGAN E. BRADFORD
OBA No. 22072
W. MARK LANIER
(*Pro Hac Vice* to be filed)
Texas State Bar No. 11934600
The Lanier Law Firm
*Oklahoma Office*:
12 E. California Ave., Suite 200
Oklahoma City, OK 73104
*Houston Office*:
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200

WML@LanierLawFirm.com
Reagan.Bradford@LanierLawFirm.com

**COUNSEL FOR PLAINTIFF**