**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RUTH ANN MCNEILL, as trustee of the VICKREY FAMILY TRUST, on behalf of herself in her representative capacity and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 17-CIV-121-RAW |
| CITATION OIL & GAS CORP. (including affiliated predecessors and affiliated successors), | |
| Defendants. | |

**PLAINTIFF'S MOTION TO:**

**(1) CERTIFY THE SETTLEMENT CLASS;**
**(2) PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT;**
**(3) APPROVE FORM AND MANNER OF NOTICE; AND**
**(4) SET DATE FOR FINAL FAIRNESS HEARING**

**AND OPENING BRIEF IN SUPPORT**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS............................................................................................ i

TABLE OF AUTHORITIES ................................................................................... iii

I.      ISSUES PRESENTED..................................................................................1

II.     BACKGROUND FACTS ..............................................................................2

III.    ARGUMENT AND AUTHORITIES ............................................................2

     **A.**  Certifying the Settlement Class Action..................................................2

         1.  Class Definition ...........................................................................3

         2.  Elements of Rule 23(a) ................................................................4

            i.      Numerosity................................................................5

            ii.     Commonality.............................................................6

            iii.    Typicality .................................................................7

            iv.     Adequacy of Representation ....................................8

         3.  Elements of Rule 23(b)(3) ...........................................................9

            i.      Predominance............................................................9

            ii.     Superiority...............................................................12

     **B.**  Preliminarily Approving the Proposed Settlement ...................................13

         1.  Settlement Agreement Terms .......................................................15

         2.  No Obvious Deficiencies, No Preferential Treatment and Within the Range of Possible Approval.....................................................16

         3.  Fairly and Honestly Negotiated .................................................16

          4.  Serious Questions of Law and Fact ...........................................17

          5.  Immediate Recovery Versus Protracted Litigation....................17

          6.  Judgment of the Parties...............................................................18

IV.   THE PROPOSED NOTICE TO THE CLASS IS APPROPRIATE AND
      COMPLIES WITH ALL APPLICABLE LAW ................................................18

V.    A FAIRNESS HEARING SHOULD BE SCHEDULED.................................................20

VI.   CONCLUSION........................................................................................20

CERTIFICATE OF SERVICE ........................................................................22

INDEX OF EXHIBITS:

EXHIBIT 1 – SETTLEMENT AGREEMENT

Exhibit A:  Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement

Exhibit B:  Judgment

Exhibit C:  Notice of Settlement (for mailing)

Exhibit D:  Summary Notice of Settlement (for publication)

Exhibit E:  Class Wells List

Exhibit F:  Citation's Affiliate List

Exhibit G:  Form of Escrow Agreement

Appendix 1: Excluded Persons and Entities

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ...................................................... 3, 11

*Amgen Inc. v. Conn. Ret. Plans*,
   568 U.S. 455 (2013) ................................................................................................... 11, 12

*Anderson v. City of Albuquerque*,
   690 F.2d 796 (10th Cir.1982) .............................................................................................. 3

*Berger v. Compaq Computer Corp.*,
   257 F.3d 475 (5th Cir. 2001). ............................................................................................ 10

*Bollenbach Enterprises, L.P. v. Oklahoma Energy Acquisitions, L.P., et al.*,
   No. 17-CV-00134-HE (W.D. Okla.) ................................................................................ 9, 21

*Carson v. Am. Brands, Inc.*,
   450 U.S. 79 n.14 (1981) .................................................................................................... 16

*Cecil v. BP America Production Co.*,
   Case No. 16-CV-410-KEW (E.D. Okla.) ......................................................................... 9, 21

*CGC Holding Co., LLC v. Broad & Cassel*,
   773 F.3d 1076 (10th Cir. 2014) ............................................................................... 11, 12, 15

*Chieftain Royalty Co. v. QEP Energy Co.*,
   281 F.R.D. 499 (W.D. Okla. 2012) ...................................................... 5, 6, 7, 14, 17, 22, 23

*Childs v. Unified Life Ins. Co.*,
   10-CV-23-PJC, 2011 WL 6016486 (N.D. Okla. Dec. 2, 2011) .......... 3, 5, 16, 17, 18, 19, 20, 21

*Cook v. Rockwell Int'l Corp.*,
   151 F.R.D. 378 (D.Colo.1993) ............................................................................................. 3

*D.G. ex rel. Stricklin v. Devaughn*,
   594 F.3d 1188 (10th Cir. 2010). .......................................................................................... 8

*Davoll v. Webb*,
   160 F.R.D. 142 (D. Colo. 1995). .......................................................................................... 4

*DeJulius v. New England Health Care Employees Pension Fund*,
    429 F.3d 935 (10th Cir. 2005) ............................................... 21

*Eatinger v. BP Am. Prod. Co.*,
    No. 07-1266-EFM (D. Kan. Sept. 17, 2012) ............................. 23

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ................ 3

*Greghol Ltd. Partnership v. Oryx Energy Co.*,
    1998 OK CIV APP 111, ¶ 7, 959 P.2d. 596 ............................ 7

*Hall Jones Oil Corp. v. Claro*,
    1969 OK 113, 459 P.2d 858 ................................................. 6

*Hershey v. ExxonMobil Oil Corp.*,
    No. 07-1300-JTM, 2012 WL 3644895 (D. Kan. Aug. 24, 2012) ......... 18, 23

*Hill v. Kaiser-Francis Oil Co.*,
    No. CIV-09-07-R, 2010 WL 2474051 (W.D. Okla. June 9, 2010). ......... 12, 14

*Hill v. Marathon Oil Co.*,
    No. CIV-08-37-R, 2010 WL 2365447 (W.D. Okla. June 9, 2010) .......... 7

*In re Integra Realty Resources, Inc.*,
    262 F.3d 1089 (10th Cir. 2001) ............................................ 21

*In re Motor Fuel Temperature Sales Practices Litig.*,
    MDL 1840, 2012 WL 4475717 (D. Kan. Sept. 28, 2012) .................. 16

*In re Processed Egg Prods. Antitrust Litig.*,
    284 F.R.D. 278 (E.D. Pa. July 16, 2012) ................................ 22

*In re Qwest Communications Intern., Inc.*,
    625 F.Supp.2d 1133 (D. Colo. 2009) ..................................... 20

*In re Syngenta AG MIR Corn Litig.*,
    No. 14-MDL-2591-JWL, 2016 WL 5371856 (D. Kan. Sept. 26, 2016) ....... 13, 16

*In re Urethane Antitrust Litig.*,
    768 F.3d 1245 (10th Cir. 2014). ......................................... 11, 13

*Johnson v. City of Tulsa*,
    2003 WL 24015151 (N.D. Okla. May 12, 2003) .......................... 19

*Jones v. Nuclear Pharmacy, Inc.*,
   741 F.2d 322 (10th Cir. 1984). ........................................................... 15

*Joseph v. General Motors Corp.*,
   109 F.R.D. 635 (D. Colo. 1986). ....................................................... 3, 4

*Larson v. AT&T Mobility, LLC*,
   687 F.3d 109 (3rd Cir. 2012) ............................................................ 22

*Lerner v. Haimsohn*,
   126 F.R.D. 64 (D. Colo. 1989). .......................................................... 10

*Lucas v. Kmart Corp.*,
   234 F.R.D. 688 (D.Colo.2006) ........................................................... 20

*Malchman v. Davis*,
   706 F.2d 426 (2d Cir. 1983).............................................................. 19

*Marcus v. Kansas Dept. of Revenue*,
   209 F.Supp.2d 1179 (D. Kan. 2002)..................................................... 21

*McKnight Realty Co. v. Bravo Arkoma, LLC, et al.*,
   Case No. 17-CV-308-KEW (E.D. Okla.) ............................................. 9, 21

*McKnight v. Linn Operating, Inc.*,
   No. CIV-10-30-R, 2016 WL 756541 (W.D. Okla. Feb. 25, 2016)........................ 7, 9

*Menocal v. GEO Grp., Inc.*,
   882 F.3d 905 (10th Cir. 2018). ........................................................ 6, 8

*Naylor Farms, Inc. v. Anadarko OGC Co.*,
   No. CIV-08-668-R, 2009 WL 8572026 (W.D. Okla. Aug. 26, 2009) .................... 7

*Payson v. Capital One Home Loans, L.L.C.*,
   2008 WL 4642639 (D. Kan. Oct. 16, 2008)............................................. 13

*Reirdon v. XTO Energy, Inc.*,
   No. CIV-16-87-KEW (E.D. Okla. Jan. 18, 2018)........................................ 3

*Rex v. Owens ex rel. State of Okla.*,
   585 F.2d 432 (10th Cir. 1978). .......................................................... 6

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
   314 F.3d 1180 (10th Cir. 2002). .................................................... 17, 20

v

*Shores v. First City Bank Corp.*,
    1984 OK 67, 689 P.2d 299 ................................................................... 6

*Smith v. MCI Telecommunications Corp.*,
    124 F.R.D. 665 (D. Kan. 1989) .................................................... 14, 15

*Stambaugh v. Kansas Dept. of Corrections*,
    151 F.R.D. 664 (D. Kan. 1993) ........................................................... 6

*Tenille v. Western Union Co.*,
    785 F.3d 422 (10th Cir. 2015) ...................................................... 16, 17

*Trevizo v. Adams*,
    455 F.3d 1155 (10th Cir. 2006) ........................................................... 5

*Tyson Foods, Inc. v. Bouaphakeo*,
    136 S. Ct. 1036 (2016) ................................................................ 12, 13

*United States v. State of Colorado*,
    937 F.2d 505 (10th Cir. 1991). ......................................................... 19

*Wilkerson v. Martin Marietta Corp.*,
    171 F.R.D. 273 (D. Colo. 1997) .................................................... 16, 19

*Williams v. Aramark Sports, LLC*,
    CIV.A. 10-1044, 2011 WL 4018205, n.7 (E.D. Pa. Sept. 9, 2011). ......................................... 19

*Windham v. American Brands, Inc.*,
    565 F.2d 59 (4th Cir. 1977) .............................................................. 15

## STATUTES

OKLAHOMA STATUTE title 52 § 570, *et seq.* (the "Production Revenue Standards Act"). ........... 10

## OTHER AUTHORITIES

5 James WM. Moore, Moore's Federal Practice § 23.25[2][b][ii] (3d. ed.2005). ........................ 9

7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure
    § 1979.1 (3d ed. 2005). ............................................................... 16

*Newberg on Class Actions* § 3:21 (5th ed.). .................................................... 6

**RULES**

Federal Rules of Civil Procedure 23 .............................................................................. 3, 10, 13, 18

Federal Rules of Civil Procedure 23(a) ........................................................................ 3, 4, 5, 8, 11

Federal Rules of Civil Procedure 23(b) ........................................................................ 9, 10, 11, 12

Federal Rules of Civil Procedure 23(c) .............................................................................. 4, 19

Federal Rules of Civil Procedure 23(e) .......................................................................... 14, 18, 20

Federal Rules of Civil Procedure 23(f) ................................................................................ 11

Plaintiff files this motion and brief in support to obtain certification of this action as a class action for settlement purposes and preliminary approval of the proposed class action settlement so that notice of the settlement may be provided to the Class members and a date may be set for a Final Fairness Hearing where the Court will consider whether the Settlement is fair, adequate, and reasonable. Attached as **Exhibit 1** is the executed Settlement Agreement, as well as its Exhibits A–G and Appendix 1:

Exhibit A:  Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement

Exhibit B:  Judgment

Exhibit C:  Notice of Settlement (for mailing)

Exhibit D:  Summary Notice of Settlement (for publication)

Exhibit E:  Class Wells List

Exhibit F:  Citation's Affiliate List

Exhibit G:  Form of Escrow Agreement

Appendix 1: Excluded Persons and Entities

The capitalized terms in this Brief are defined and have the same meaning as given to them in the Settlement Agreement.

## I.    ISSUES PRESENTED

1.    Should the Court certify this action as a class action so it can preliminarily approve the proposed class-wide Settlement and direct notice to the Class Members about the Litigation and Settlement, enabling them to exercise their right to participate, object, or opt-out of the class action?

2.    Should the proposed Notice of Settlement of Class Action be approved and sent to the members of the Settlement Class?

3.    Should the Court set a date for the Final Fairness Hearing?

## II.     BACKGROUND FACTS

Plaintiff, on behalf of herself and a putative class of royalty owners, sued Citation Oil & Gas Corp. ("Citation") on February 21, 2017, in the District Court of Carter County, Oklahoma (Dkt. # 2) for breach of the obligation to pay statutory interest under the Oklahoma Production Revenue Standards Act ("PSRA") on royalty payments on natural gas and/or constituents of the gas stream produced from wells in Oklahoma as more fully described in the Plaintiff's Original Class Action Petition. (Dkt. # 2-1.)[1]

Pursuant to the Court's Settlement Conference Order, (Dkt. 47), the Parties attended a Settlement Conference before Magistrate Judge Steven P. Shreder as settlement judge on March 1, 2018, at which a class-wide agreement to resolve the Lawsuit was reached. After subsequent negotiations, the parties have entered a Settlement Agreement. Nothing in the parties' Settlement is intended to or shall be construed as an admission by Citation that it is liable to Plaintiff and the putative Class, as alleged or at all. Likewise, nothing in the parties' Settlement is intended to or shall be construed as an admission by Citation that this case could properly be certified as a class action if litigated on a contested basis through a trial on the merits. Citation agrees, however, that this case should be certified as a class action for purposes of settlement pursuant to the Settlement Agreement.

---

[1]     The complaint alleges Breach of Statutory Obligation to Pay Interest (Count I) and Fraud (Count II), and seeks an Accounting and Disgorgement (Count III) and Injunctive Relief (Count IV).

## III.    ARGUMENT AND AUTHORITIES

### A.    Certifying the Settlement Class Action

A sister Oklahoma federal district court recently set forth the three-step framework for preliminary approval of a class action settlement:

> [1] A certified class must satisfy the requirements of Fed.R.Civ.P. 23, even in a settlement context. *E.g. Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 619–20, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Accordingly, the Court first will analyze the suitability of certifying this matter as class action under Rule 23. In doing so, "....the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Anderson v. City of Albuquerque,* 690 F.2d 796, 799 (10th Cir.1982) (quotations omitted); *see, e.g., Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ("[N]othing in either the language or history of Rule 23 ... gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action."); *Cook v. Rockwell Int'l Corp.,* 151 F.R.D. 378, 381 (D.Colo.1993). After analyzing the elements of Rule 23 class certification, [2] the Court will preliminarily address and discuss the overall fairness of the proposed settlement. [3] It will then address the adequacy of notice the parties propose to send out.[2]

### 1.    Class Definition

To satisfy the requirements of Rule 23(a), the class must be adequately defined so that potential class members can be identified.[3] This means that the class description must be sufficiently definite so that it is "administratively feasible" for the Court to determine whether a particular individual is a member.[4] It does not require, however, that every potential member can be identified at the beginning of the action.[5]

---

[2]    *Childs v. Unified Life Ins. Co.*, 10-CV-23-PJC, 2011 WL 6016486, at *2 (N.D. Okla. Dec. 2, 2011) ("[ ]" added to identify the three-step analysis). *See also, Reirdon v. XTO Energy, Inc.*, No. CIV-16-87-KEW (E.D. Okla. Jan. 18, 2018) at Doc. No. 79 (following above framework and approving class action settlement for statutory late payment claims, as are asserted here).

[3]    *Joseph v. General Motors Corp.*, 109 F.R.D. 635, 638 (D. Colo. 1986).

[4]    *Davoll v. Webb,* 160 F.R.D. 142, 144 (D. Colo. 1995).

[5]    *Joseph*, 109 F.R.D. at 637.

Plaintiff seeks certification of the following Settlement Class for purposes of preliminary approval and notice:

> All non-excluded owners of a Royalty Interest in Oklahoma wells with respect to whom Citation paid or incurred an obligation to pay proceeds derived from the sale of oil, gas and/or other minerals occurring from the production month of January 1997 through and including the production month of March 2017; provided that excluded from the Settlement Class are those persons and entities listed on Appendix 1 hereto.[6]

Ex. 1, Settlement Agreement ¶ 1.33. This definition is sufficiently definite in that it is administratively feasible to identify Final Class Members. The list of Class Wells is attached as Exhibit E to the Settlement Agreement. Citation maintains records in electronic databases which include current and historic payment decks that contain the names and mailing addresses of the royalty owners in the Class Wells to whom Citation has paid royalty each month during the relevant time period. Citation has and will provide that information to Settlement Class Counsel so that the Administrator can mail the Notice of Settlement to members of the Settlement Class and, once the Settlement becomes Final and Non-Appealable, mail the Distribution Checks to the Final Class Members. Ex. 1, Settlement Agreement ¶¶ 1.27, 2.2, 3.3. Notice by direct mail is consistent with Rule 23(c)'s "best notice practicable" standard and satisfies due process.[7]

### 2. Elements of Rule 23(a)

Under Rule 23(a), a class may be certified if four prerequisites are met: (1) Numerosity: "the class is so numerous that joinder of all members is impracticable"; (2) Commonality: "there are questions of law or fact that are common to the class"; (3) Typicality: "the claims or defenses

---

[6]     Plaintiff filed a First Amended Complaint [Doc. No. 60] conforming the definition of the proposed class in the Lawsuit to the above definition. The referenced Appendix 1 listing exclusions is attached to the Settlement Agreement.

[7]     *Childs*, 2011 WL 6016486, at *14; *see also Chieftain*, 2016 WL 501656, at *3 (approving manner of notice similar to the manner proposed in this case).

of the representative parties are typical of the claims or defenses of the class"; and (4) Adequacy of representation: "the representative parties will fairly and adequately represent the interests of the class."[8]

### i. Numerosity

The Tenth Circuit does not prescribe any set formula to satisfy the numerosity requirement of Rule 23(a)(1).[9] Instead, the Court is granted "wide latitude" in making the determination.[10] Plaintiffs must generally establish, however, that the class is so numerous as to make joinder impracticable.[11] The number of class members involved may be established by reasonable estimate,[12] and the identity of each class member or the specific number of members need not be proven.[13]

Exhibit E to the Settlement Agreement lists hundreds of wells and properties which comprise the Class Wells, pursuant to the terms of the Settlement Agreement. Each of the Class Wells has more than one royalty owner and, in some cases, many more. There are thousands of putative Class Members from many different states, making joinder impracticable and sufficiently establishing the numerosity requirement of Rule 23(a)(1).[14]

---

[8]    *Trevizo v. Adams*, 455 F.3d 1155, 1161–62 (10th Cir. 2006) (citing Rule 23(a)).

[9]    *Id.* at 1162.

[10]   *Id.*

[11]   *Id.*

[12]   *Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir. 1978).

[13]   *Stambaugh v. Kansas Dept. of Corrections*, 151 F.R.D. 664, 673 (D. Kan. 1993).

[14]   *See Chieftain*, 2018 WL 501656, at * 2 (finding numerosity met where class "consists of thousands of royalty owners."); *Hall Jones Oil Corp. v. Claro*, 1969 OK 113, 459 P.2d 858, 862 (class certified with only 11 members); and *Shores v. First City Bank Corp.*, 1984 OK 67, 689 P.2d 299, 302 (class certified with 115 members).

### ii. Commonality

Commonality is rarely a barrier to class certification because "[a] finding of commonality requires only a single question of law or fact common to the entire class."[15] The common element may be one of fact *or* law and need not be one of each. The requirement of "common questions of law or fact" is disjunctive; that is, *either* a question of law *or* a question of fact will suffice.[16] In royalty owner class actions such as this one, individual factual differences regarding lease language, for example, do not preclude a finding of commonality.[17] This case is no exception. The questions of fact or law common to Plaintiff and the Class include, without limitation, one or more of the following:

1. Whether, under Oklahoma law, Defendant owed interest to Plaintiff and the Settlement Class members for any untimely payments;

2. Whether Defendant's failure to pay interest to Plaintiff and the Class on any untimely payments constitutes a violation of the PSRA; and

3. Whether Defendant defrauded Plaintiff and the Class by knowingly withholding statutory interest.

Here, these common questions: (1) can be answered on a class-wide basis; and (2) are apt to drive the resolution of the case.[18] Although only one important legal or factual issue need be

---

[15]   *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018).

[16]   *Newberg on Class Actions* § 3:21 (5th ed.).

[17]   *See, e.g.*, *Chieftain*, 2018 WL 501656, at *2; *Hill*, 2010 WL 2474051, at *1–3; *Hill v. Marathon Oil Co.*, No. CIV-08-37-R, 2010 WL 2365447, at *3–4 (W.D. Okla. June 9, 2010); *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. CIV-08-668-R, 2009 WL 8572026, at *5 (W.D. Okla. Aug. 26, 2009) (concluding that "differing language of the leases is not an impediment to certification of the class on the basis of commonality."); *Chieftain Royalty Co. v. QEP Energy Co.*, 281 F.R.D. 499, 503 (W.D. Okla. 2012). Oklahoma courts have also found that "individual issues created by the specific language of the conveyance instruments do not preclude the common issue" *Greghol Ltd. Partnership v. Oryx Energy Co.*, 1998 OK CIV APP 111, ¶ 7, 959 P.2d. 596, 599.

[18]   *See McKnight v. Linn Operating, Inc.*, No. CIV-10-30-R, 2016 WL 756541, at *5–6 (W.D. Okla. Feb. 25, 2016).

common, here, all of them are. Defendant's alleged conduct drives the legal issues relative to the PSRA claim. And, Defendant's own revenue accounting data speaks for itself; it requires no evidence from individual Class Members for resolution of the legal duties owed. Likewise, the breach of the legal duties is common and would necessarily depend primarily on Defendant's own payment records to Settlement Class members, and whether interest was paid (or is due) on those amounts, as well as experts testifying about such generalized business records. Again, Settlement Class members would have no knowledge, and would not be able to testify about, facts showing breach of the legal duties. Finally, it is apparent from the mediation that damages can be and were calculated. Plaintiff's expert can calculate damages owed to each royalty owner from Defendant's own records.

To be sure, if Defendant fully contested class certification, Defendant contends that certification would not be granted, and if certification were granted, Defendant contends it would win at trial based on its evidence and expert testimony. But the Court need not reach either of those issues in this case because the case has settled pursuant to the terms of the Settlement Agreement. The Court need only find that commonality is met for this Settlement Class.

### iii. Typicality

The test for typicality focuses on the legal claims brought. The interests and claims "need not be identical . . . so long as the claims of the named plaintiff and class members are based on the same legal or remedial theory."[19] To this end, "'[d]iffering fact situations of class members do not defeat typicality . . . so long as the claims of the class representative and class members

---

[19]     *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010).

are based on the same legal or remedial theory.'"[20] Here, there is no showing that Plaintiff's claims are atypical of those of other royalty owners in Class Wells. Given that Plaintiff's claims involve Defendant's alleged common failure to pay interest due, Plaintiff has the same interests and seeks a remedy for the same injuries as other royalty owner class members. Thus, Rule 23(a)(3) is also satisfied in the context of this case where certification is sought for purposes of settlement only.

### iv. Adequacy of Representation

The test for adequacy is summarized as follows:

> Rule 23(a) requires that the named plaintiffs and their counsel will adequately represent the class. Legal adequacy is determined by the resolution of two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class.[21]

Settlement Class Counsel are experienced litigators who have served as class counsel in other royalty owner underpayment class litigation, including recent class settlements.[22] Counsel are well-qualified to conduct this matter as a class action, especially in light of the presumption of competence and experience that applies. Counsel have also hired competent experts to assist.

"Generally, as long as the Plaintiff, as class representative, knows something about the case, even though they are not knowledgeable of the complaint's specific allegations, the class

---

[20]    *Menocal*, 882 F.3d at 914 (citation omitted); *see also id*. at 924 n.15 ("But these factual differences do not defeat typicality because the class members' legal theory…does not change[.]").

[21]    *McKnight*, 2016 WL 756541, at *6 (internal citations omitted).

[22]    *See e.g., Cecil v. BP America Production Co.*, Case No. 16-CV-410-KEW (E.D. Okla.) (over $220 million in total settlement value for the Class); *Bollenbach Enterprises, L.P. v. Oklahoma Energy Acquisitions, L.P., et al.*, No. 17-CV-00134-HE (W.D. Okla.) (final approval of ~$4.73 million settlement entered March 2018) (Doc. No. 58); and *McKnight Realty Co. v. Bravo Arkoma, LLC, et al.*, Case No. 17-CV-308-KEW (E.D. Okla.) (~$1.3 million class settlement value).

should be certified."[23] The class representatives should be able to "take an active role in and control the litigation and to protect the interests of absentees."[24] Here, Plaintiff understands the responsibility that is owed to the absent members of the Settlement Class and has been and is willing to complete the task, as demonstrated by her attendance at an all-day mediation session, where she was fully engaged. Also, there is no evidence of any conflict of interest with other members of the Settlement Class. For a conflict of interest to render a named class representative inadequate, the conflict must be more than merely speculative or hypothetical.[25] Thus, adequacy is met.

### 3.      Elements of Rule 23(b)(3)

#### i.      <u>Predominance</u>

Under Rule 23(b)(3) (*i.e.*, an opt-out class), class certification is proper when the Court finds that common questions of law or fact predominate over questions affecting only individual members and that a class action is superior to other methods of adjudication.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[26] In making this assessment, courts are to consider the elements of the underlying cause of action.[27]

Rule 23(b)(3) "does *not* require a plaintiff seeking class certification to prove that each 'elemen[t] of [her] claim [is] susceptible to classwide proof.' What the rule does require is that

---

[23]      *Lerner v. Haimsohn*, 126 F.R.D. 64, 67 (D. Colo. 1989).

[24]      *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 482 (5th Cir. 2001).

[25]      5 James WM. Moore, Moore's Federal Practice § 23.25[2][b][ii] (3d. ed.2005).

[26]      *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1087 (10th Cir. 2014) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 622–23 (1997)).

[27]      *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1255 (10th Cir. 2014).

common questions 'predominate over any questions affecting only individual [class] members.'"[28] On top of that, "Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class."[29] That means "[i]t is not necessary that all of the elements of the claim entail questions of fact and law that are common to the class, nor that the answers to those common questions be dispositive."[30] In line with the Supreme Court's recent guidance in Amgen, because it was "clear that the class's claims [would] 'prevail or fail in unison,' there was "enough to satisfy the predominance prong of Rule 23."[31]

The core of Plaintiff's complaint is Defendant's failure to comply with its statutory duty to pay interest on royalty payments not timely made. In Oklahoma, the Production Revenue Standards Act requires Defendant to make payments within certain time periods. Further, the PSRA requires Defendant to pay interest on any untimely payments, regardless of the reasons why such payments were delayed. The PSRA gives Owners an absolute right to interest on untimely payments. Compliance with this statute is not optional and does not require a prior written or oral demand by royalty owners.[32]

---

[28] *Amgen Inc. v. Conn. Ret. Plans*, 568 U.S. 455, 469 (2013) (emphasis in original) (quoting Rule 23(b)(3)); *see also Urethane*, 768 F.3d at 1255 ("Class-wide proof is not required for all issues. Instead, Rule 23(b)(3) simply requires a showing that the questions common to the class predominate over individualized questions.").

[29] *Amgen*, 568 U.S. at 459 (emphasis in original).

[30] *CGC Holding Co.*, 773 F.3d at 1087.

[31] *CGC Holding Co.*, 773 F.3d at 1093 (quoting *Amgen*, 133 S. Ct. at 1191).

[32] *See generally*, OKLA. STAT. tit. 52 § 570, *et seq.* (the "Production Revenue Standards Act").

All of these elements are subject to generalized proof and predominate resolution of Plaintiff's and the Settlement Class's claims.[33] "Predominance is ordinarily satisfied when plaintiffs have alleged a common course of conduct by the defendant."[34] As previously stated, the principal issue is whether Citation's common method of paying royalty complies with Oklahoma law or not.

Like commonality, predominance requires common questions of law *or* fact, and, like Rule 23(a)(3), it is styled in the disjunctive. Satisfaction of either common questions of law or common questions of fact is sufficient. And, here, both are satisfied. "[I]ndividualized issues" are issues that require individual testimony to prove them so that a representative class case does not present any efficiencies.[35] No issue requires the individual testimony of any royalty owner. Duty is a legal issue, and liability for Citation's uniform royalty payment method will be proven (or not) based on its generalized business records and the testimony of experts. The same is true for damages. Rule 23(b)(3) predominance exists in the context of this case where certification is sought for purposes of settlement only.

---

[33]    *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1945 (2016) (describing a common question as a "prima facie showing" using "generalized, class-wide proof").

[34]    *Hill v. Kaiser-Francis Oil Co.*, No. CIV-09-07-R, 2010 WL 2474051, at *6 (W.D. Okla. June 9, 2010).

[35]    *Tyson Foods*, 136 S. Ct. at 1045 (an individualized issue has two prongs: (1) "members of a proposed class will need to present evidence" on the issue; and (2) the evidence presented must "var[y] from member to member."); *accord Payson v. Capital One Home Loans, L.L.C.*, 2008 WL 4642639, at *5 (D. Kan. Oct. 16, 2008) (quoting *Urethane*, 2008 WL 4210780, at *5); *see also In re Urethane*, 768 F.3d 1245 (10th Cir. 2014) (same); *In re Syngenta AG MIR Corn Litig.*, No. 14-MDL-2591-JWL, 2016 WL 5371856, at *1–4 (D. Kan. Sept. 26, 2016) (following *Tyson Foods*, and since admissible, though disputed, experts can prove class-wide liability, the class should be certified). The Tenth Circuit, on a Rule 23(f) appeal, found this logic in *Syngenta* "well researched and reasoned."

### ii. Superiority

The superiority requirement of Rule 23(b)(3) compels the Court to determine whether a class action is superior to other methods of adjudicating the controversy at issue.[36] The rule spells out four factors for the Court to consider in this inquiry. The Rule 23(b)(3) factors include:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.[37]

Like *Chieftain,* this case meets the standards for superiority. First, every Settlement Class Member has an interest in proving Citation's common course of wrongful conduct. It would be enormously inefficient for both the judicial system and the parties to engage in multiple trials in individual actions on the same issues.[38]

Second, the number of class members is too large, and the "[p]utative class members, each of whose royalty interests may be quite small, would have little incentive to prosecute their claims individually because their costs would likely exceed the value of their individual claims. Thus, class treatment is a superior option here because 'the alternatives are either no recourse for thousands . . . to whom the courthouse would be out of bounds, or a multiplicity and scattering of suits with the inefficient administration of litigation which follows in its wake.'"[39]

---

[36]    *Smith v. MCI Telecommunications Corp.*, 124 F.R.D. 665, 679 (D. Kan. 1989).

[37]    Fed. R. Civ. P. 23(b)(3); *see also Chieftain*, 2018 WL 501656, at *2 (finding superiority established).

[38]    *See Hill*, 2010 WL 2474051, at *7 ("A class action 'would achieve [greater] economies of time, effort and expense, and promote [enhanced] uniformity of decisions as to persons similarly situated' than would individual actions. The superiority prong of Rule 23(b)(3) is clearly established in this case.") (internal citation omitted).

[39]    *Hill*, 2010 WL 2474051, at *7 (internal citations omitted).

Third, as to manageability, there will be no difficulty in the management of this action as a settlement class action, and the Court need not consider whether it would be manageable to try this case on the merits. There are no multi-state choice of law issues to confront, as Oklahoma state law applies to all claims Plaintiff and the Settlement Class have asserted. Finally, given the ready availability of royalty payment decks, the calculation, apportionment, and distribution of settlement sums yield virtually no manageability concerns.[40]

Ultimately, there is no feasible way for an individual royalty owner to pursue this type of case without class certification. Even if individuals could afford to bring this type of action, the costs and burdens to the Court system also would be catastrophic. And the system, the parties, and justice would suffer. "It is enough that class treatment is superior because it will 'achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'"[41]

Having shown satisfaction of all Rule 23 requirements in the context of the parties' Settlement, Plaintiff asks that the Court preliminarily certify the Settlement Class and permit notice of the proposed Settlement to the Settlement Class members to proceed.

### B.     Preliminary Approval of Proposed Settlement

The standard for approving a class settlement is summarized as follows:

The Court has broad discretion in deciding whether to grant approval of a class action settlement. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). "In exercising its discretion, the trial court must approve a settlement if it

---

[40]     *See Smith*, 124 F.R.D. at 677 (citing *Windham v. American Brands, Inc.*, 565 F.2d 59, 68 (4th Cir. 1977) ("Thus, if the computation of damages following a ruling in favor of the class is a largely mechanical task, then 'the existence of individualized claims for damages seems to offer no barrier to class certification....' ")).

[41]     *CGC Holding Co., LLC*, 773 F.3d at 1096.

is fair, reasonable and adequate." *Id.* In making the determination whether to approve a class action settlement, the Court should "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). "This is because the essence of settlement is compromise, and settlements are generally favored." *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo. 1997).[42]

Ultimately, the Court must determine if the settlement is "fair, adequate, and reasonable" as required by Fed. R. Civ. P. 23(e)(2).[43] But preliminary approval requires a lesser showing because its purpose is "just enough to ensure that sending notice to the class is not a complete waste of time. The general rule is that a court will grant preliminary approval where the proposed settlement is neither illegal nor collusive and is within the range of possible approval."[44] "The Court will ordinarily grant preliminary approval where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."[45]

The Tenth Circuit has also provided four non-exclusive factors to guide the Court's analysis of a proposed class action settlement:

(1)    whether the proposed settlement was fairly and honestly negotiated;

(2)    whether serious legal and factual questions placed the litigation's outcome in doubt;

(3)    whether the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation; and

---

[42]    *Childs v. Unified Life Ins. Co.*, 10-CV-23-PJC, 2011 WL 6016486 (N.D. Okla. Dec. 2, 2011).

[43]    *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, 2018 WL 1726345 (D. Kan. April 10, 2018) (citing *Tenille v. Western Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015) and granting preliminary approval to $1.51 billion settlment).

[44]    *Id.* at *2.

[45]    *In re Motor Fuel Temperature Sales Practices Litig.*, MDL 1840, 2012 WL 4475717, at *2–3 (D. Kan. Sept. 28, 2012) (internal quotations and citation omitted).

14

(4)      the parties believed the settlement was fair and reasonable.[46]

The following sections address each factor in turn after reviewing the material terms of the proposed Settlement Agreement.

### 1.    Settlement Agreement Terms

The fully executed Settlement Agreement is attached as **Exhibit 1**, together with Exhibits A through G. Under the terms of the Settlement Agreement, Citation will pay a total of $3,000,000 to settle the case. Ex. 1, Settlement Agreement ¶ 1.17. In return for the performance by Citation under the Settlement Agreement, the Settlement Class members will release all Released Claims in the Settlement Agreement, which include, *inter alia*, any claims for delayed payment of royalties that were, or could have been, asserted in this action. Ex. 1, Settlement Agreement ¶ 1.28 (defining "Released Claims") & Article 4, Releases and Dismissals.

Plaintiff will seek approval from the Court for: 1) an award of attorneys' fees up to 40% of the Gross Settlement Value; 2) reimbursement of litigation expenses in an amount as determined by the Court at the Final Fairness Hearing; and 3) a Case Contribution Award to Ms. McNeill as the Class Representative, all to be paid from the Gross Settlement Fund. Citation takes no position with respect to the payment of fees and expenses in these amounts. And the Notice of Settlement informs the members of the Settlement Class of these forthcoming requests.

Continuing to prosecute the litigation while also seeking approval of the Settlement Agreement would be highly inefficient and impractical. Accordingly, to "protect and facilitate settlement proceedings," *Hershey v. ExxonMobil Oil Corp.*, No. 07-1300-JTM, 2012 WL 3644895, at *1 (D. Kan. Aug. 24, 2012), and in the interests of judicial economy and fairness,

---

[46]      *Tenille*, 785 F.3d at 434; *see also Chieftain*, 2018 WL 501656, at *2; *Childs,* 2011 WL 6016486, at *11 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002).

15

litigation activities should be put on hold while the Court considers the Settlement Agreement, in accordance with Rule 1's goal of a just, speedy and inexpensive determination of the action.

### 2. No Obvious Deficiencies, No Preferential Treatment, and Within the Range of Possible Approval

The Settlement Agreement and its exhibits evince no obvious deficiencies or preferential treatment. Neither any group of Settlement Class members nor Plaintiff receives preferential treatment. The cash payment in the Settlement Agreement of $3,000,000 compares favorably to the Plaintiff Class's estimated total possible recovery for the Class. The total amount represents a substantial class-wide recovery.[47]

The settlement process was thorough, fair, and arm's length, and the settlement amount is fair, adequate, and reasonable for purposes of preliminary approval. Although the fairness, reasonableness and adequacy of Settlement will be determined at the Final Fairness Hearing, the Settlement is within the "range of possible approval" and presents no reason why preliminary approval should not be granted and notice provided to the class members.

### 3. Fairly and Honestly Negotiated

The Court is concerned with the protection of class members whose rights may not have been given "adequate consideration during the settlement negotiations." *Wilkerson*, 171 F.R.D. at 283; *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1979.1 (3d ed. 2005). The Court is also required to "ensure that the agreement is not illegal, a product of collusion, or against the public interest." *United States v. State of Colorado*, 937 F.2d 505, 509 (10th Cir. 1991). The fairness of the negotiating process is to be examined "'in light of the experience of counsel, the vigor with which the case was prosecuted, and [any] coercion or collusion that may have marred the negotiations themselves.'" *Johnson v. City of Tulsa*, 2003 WL 24015151, at *7 (N.D. Okla. May 12, 2003) (quoting *Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir. 1983)).[48]

---

[47]     *See Childs*, 2011 WL 6016486, at * 12 (granting preliminary approval to a settlement that would distribute 30-50% of insurance premiums actually paid to class members).

[48]     *Childs*, 2011 WL 6016486, at * 12.

The Settlement Agreement is the product of good faith, adversarial, arm's-length negotiations over many months between experienced counsel. The legal issues were fully presented for the parties' respective evaluation of liability and damages. Damages estimates were calculated and re-calculated based upon information that was discovered, contested, and honed. The parties fully educated themselves on the strengths, weaknesses, and possible damages in the case.

Where settlement results from arm's-length negotiations, "courts have given considerable weight to the views of experienced counsel as to the merits of a settlement."[49] So should it be here, where the parties' counsel and the parties are convinced that the Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class.[50]

### 4.     Serious Questions of Law and Fact

There can be no real debate about whether serious questions of law and fact exist in this case. Liability and class certification are complicated issues which encompass significant risk and doubt of recovery. "The presence of such doubt tips the balance in favor of settlement because 'settlement creates a certainty of some recovery, and eliminates doubt, meaning the possibility of no recovery after long and expensive litigation.'"[51]

### 5.     Immediate Recovery Versus Protracted Litigation

As this Court is likely aware from experience with and knowledge of royalty owner class actions, the likelihood is great that, without a settlement, the parties face many years of

---

[49]     *Williams v. Aramark Sports, LLC*, CIV.A. 10-1044, 2011 WL 4018205, at * 7, n.7 (E.D. Pa. Sept. 9, 2011).

[50]     *See, e.g.*, *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); *Childs*, 2011 WL 6016486, at * 13.

[51]     *Childs*, 2011 WL 6016486, at * 13 (quoting *In re Qwest Communications Intern., Inc.*, 625 F.Supp.2d 1133, 1138 (D. Colo. 2009)).

protracted litigation, both in this Court and the appellate courts. In the face of these circumstances, the prospect of immediate recovery also strongly favors preliminary approval.[52]

### 6.    Judgment of the Parties

"Counsels' judgment as to the fairness of the agreement is entitled to considerable weight."[53] Settlement Class Counsel have substantial experience with the settlement of royalty owner class actions, having reached class settlements in, for example: *Cecil v. BP America Production Co.*, Case No. 16-CV-410-KEW (E.D. Okla.) (over $220 million in total settlement value for the Class); *Bollenbach Enterprises, L.P. v. Oklahoma Energy Acquisitions, L.P., et al.*, No. 17-CV-00134-HE (W.D. Okla.) (final approval of ~$4.73 million settlement entered March 2018) (Doc. No. 58); and *McKnight Realty Co. v. Bravo Arkoma, LLC, et al.*, Case No. 17-CV-308-KEW (E.D. Okla.) (~$1.3 million class settlement value). Citation's counsel also has experience in class actions, having handled class actions for the defense for years and having settled some. Preliminary approval is warranted.

## IV.    THE PROPOSED NOTICE TO THE CLASS IS APPROPRIATE AND COMPLIES WITH ALL APPLICABLE LAW

"Under Fed.R.Civ.P. 23(e)(1)(B), a district court approving a class action settlement 'must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.'" *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005). "In addition to the requirements of Rule 23, the constitution's Due Process Clause also guarantees unnamed class members the right to notice of certification or settlement." *Id.* at 943–44. Generally, the Court must direct to class members the "best notice practicable under the circumstances including individual notice to all members who can be identified through

---

[52]    *See Childs*, 2011 WL 6016486, at * 13.

[53]    *Childs*, 2011 WL 6016486, at *14 (quoting *Lucas v. Kmart Corp.,* 234 F.R.D. 688, 695 (D.Colo.2006)) and citing *Marcus v. Kansas Dept. of Revenue*, 209 F.Supp.2d 1179, 1183 (D. Kan. 2002)).

reasonable effort." *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001).[54]

As in *Childs*, the parties here have submitted a proposed notice plan and form of notices that are made a part of the Settlement Agreement. *See* Settlement Agreement ¶ 1.27; Exhibits 1C–1D. The proposed Notices (Exhibits 1-C and 1-D) inform the members of the Settlement Class of the terms of the Settlement Agreement (and where to get a full copy if desired), of Settlement Class Counsel's request for Attorneys' Fees of up to 40% of the Gross Settlement Value, reimbursement of reasonable litigation expenses, a Case Contribution Award for Plaintiff for her services as Class Representative, and all other amounts that may, if approved by the Court, be paid out of the Gross Settlement Fund, as well as all other information believed to be necessary to comply with the law and provide adequate notice to the Class. The Notice of Settlement also advises the members of the Settlement Class of their rights to opt out of or to appear in the Litigation and to have counsel of their own choosing, as well as the requirements if they desire to object. The Settlement Agreement provides for the Settlement Administrator to mail the Notice of Settlement to the royalty owners within the Settlement Class. Notice by first-class mail meets the requirements of due process.[55] In addition, the Settlement Administrator will arrange publication of the Summary Notice (Exhibit 1-D), if approved, in three (3) newspapers of general and local circulation and via press release as set forth in the Settlement Agreement. Plaintiff asks the Court to approve the form and content of the Notice of Settlement and the manner of providing the Notice to the members of the Settlement Class.

---

[54]     *Childs,* 2011 WL 6016486, at * 14.

[55]     *Chieftain*, 2018 WL 501656, at **3–4; *Larson v. AT&T Mobility, LLC*, 687 F.3d 109, 123–31 (3rd Cir. 2012) (Rule 23(c)(2) requires individual notice where reasonably possible); *In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 278, 297 (E.D. Pa. July 16, 2012) (citing *Larson* in finding the mailing of notice to potential class members based on information provided by defendants sufficient to satisfy Rule 23(c)(2)).

## V.     A FAIRNESS HEARING SHOULD BE SCHEDULED

Rule 23(e)(2) requires the Court to hold a hearing before determining if the Settlement Agreement will be finally approved. For notice of the Final Fairness Hearing to be provided to the members of the Settlement Class, the parties must obtain a hearing date from the Court to include in the Notice of Settlement. Accordingly, if the Court preliminarily approves the Settlement, Plaintiff requests that the Court set a date between 91 and 100 days after entry of the order preliminarily approving the settlement as the date and time for the Final Fairness Hearing. Presuming the entry of the agreed Preliminary Approval Order (Exhibit 1-A) in August 2018, the Final Fairness Hearing could be scheduled in November or December 2018.

The recent fairness hearings for royalty underpayment class actions in federal district court took approximately two (2) hours or less because evidence was submitted prior to the hearing.[56] The parties here similarly expect to present a full written record in support of the Settlement, so the Court can consider the evidence before the Final Fairness Hearing.

Plaintiff respectfully requests that the Court schedule the Final Fairness Hearing on a date certain in November or December 2018.

## VI.     CONCLUSION

Plaintiff submits the proposed and agreed Order Granting Preliminary Approval of the Class Action Settlement, Certifying the Class for Settlement Purposes, Approving the Form and Manner of Notice, and Setting Date for the Final Fairness Hearing for the Court's consideration and, if approved, entry.

---

[56]     *See Eatinger v. BP Am. Prod. Co.*, No. 07-1266-EFM (D. Kan. Sept. 17, 2012) (Dkt. Nos. 374 & 377); *Hershey v. ExxonMobil Oil Co.*, No. 07-1300-JTM (D. Kan. Oct. 23, 2012) (Dkt. Nos. 398 & 408). The same was true in *Chieftain*, where the final approval hearing took just over one (1) hour. *Chieftain*, No. CIV-11-29-KEW (E.D. Okla. Mar. 26, 2018) (Minute Sheet, Dkt. # 228, showing the Court called the case at 9:10 A.M. and adjourned at 10:12 A.M.).

Respectfully Submitted,


  */s/ Reagan E. Bradford*
REAGAN E. BRADFORD
OBA No. 22072
W. MARK LANIER
Texas State Bar No. 11934600
The Lanier Law Firm
*Oklahoma Office*:
100 E. California Avenue, Suite 200
Oklahoma City, OK 73104
*Houston Office*:
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
WML@LanierLawFirm.com
Reagan.Bradford@LanierLawFirm.com


*/s/ Daniel H. Charest*
DANIEL H. CHAREST
Texas State Bar No. 24057803
SPENCER COX
Texas State Bar No. 24097540
E. LAWRENCE VINCENT
Texas State Bar No. 20585590
Burns Charest LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com
scox@burnscharest.com
lvincent@burnscharest.com


*/s/ Daniel H. Charest*
Justin R. Landgraf
OBA No. 22204
Hisey & Landgraf
7 East Main Street
Ardmore, OK 73401
Telephone: (580) 226-6277
Facsimile: (580) 226-0571
jlandgraf@ardmoreattorneys.com


**COUNSEL FOR PLAINTIFF**

21

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August, 2018, a true and correct copy of the foregoing document was served in accordance with the Local Rules on all counsel of record via the Court's ECF system.

 */s/ Reagan E. Bradford*
REAGAN E. BRADFORD