IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RUTH ANN MCNEILL, as Trustee of the
VICKREY FAMILY TRUST,
on behalf of herself in her representative capacity
and all others similarly situated,

                    Plaintiff,

v.

CITATION OIL & GAS CORP.
(including affiliated predecessors and affiliated
successors),

                    Defendants.

Case No. 17-CIV-121-KEW

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This is a class action lawsuit brought by Plaintiff, Ruth Ann McNeill, as Trustee of the Vickrey Family Trust, on behalf of herself in her representative capacity and all others similarly situated, against Defendant Citation Oil & Gas Corp. (including affiliated predecessors and affiliated successors) (the "Lawsuit"), relating to alleged failures to pay statutory interest pursuant to the Production Revenue Standards Act, 52 Okl. St. §570.10, for oil and gas production proceeds from wells in Oklahoma. On July 30, 2018, the Parties executed a Settlement Agreement together with documents referenced therein (the "Settlement Agreement") that sets forth the terms and conditions of the settlement of the Lawsuit.[1]

On September 21, 2018, the Court preliminarily approved the settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final

---

[1] Capitalized terms not otherwise defined in this Order and Judgment shall have the meaning ascribed to them in the Settlement Agreement.

Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia:*

    a.    certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class;

    b.    appointed Plaintiff Ruth Ann McNeill as Class Representative and Reagan E. Bradford, W. Mark Lanier, Daniel Charest, and Justin Landgraf as Settlement Class Counsel;

    c.    preliminarily found that: (i) the proposed settlement resulted from arm's-length negotiations and was mediated before Magistrate Judge Stephen P. Shreder as settlement judge; (ii) the proposed settlement was agreed to only after Settlement Class Counsel had conducted legal research and discovery regarding the strengths and weakness of the Class Representative's and Settlement Class' claims; (iii) Class Representative and Settlement Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed settlement to the Settlement Class;

    d.    preliminarily approved the settlement and the Initial Plan of Allocation as fair, reasonable, and adequate and in the best interest of the Settlement Class;

    e.    preliminarily approved the form and manner of the proposed Notice and Summary Notice to be communicated to the Settlement Class, finding specifically that such Notice and Summary Notice: (i) described the terms and effect of the settlement; (ii) notified the Settlement Class that Settlement Class Counsel would seek

recovery of attorneys' fees and expenses and a case contribution award for Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement Class; and (v) described the procedure for objecting to the settlement or any part thereof;

f.  provided for the appointment of the Administrator;

g.  instructed the Administrator to disseminate the approved Notice to potential members of the Settlement Class, to publish the Summary Notice, and to display documents related to the settlement on an Internet website in the manner approved by the Court;

h.  set the date and time for the Final Fairness Hearing as January 14, 2019, at 10:00 A.M. in the United States District Court for the Eastern District of Oklahoma; and

i.  set out the procedures and deadlines by which members of the Settlement Class could properly request exclusion from the Settlement Class or object to the settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and of the Final Fairness Hearing. On January 14, 2019, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia:*

a.  determine whether the settlement should be approved by the Court as fair, reasonable, adequate and in the best interests of the Settlement Class;

    b.    determine whether the notice procedures: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Lawsuit, the settlement, their right to exclude themselves from the settlement, their right to object to the settlement and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and other applicable law;

    c.    determine whether a Final Judgment should be entered pursuant to the Settlement Agreement, *inter alia,* dismissing the Lawsuit against Citation with prejudice and extinguishing, releasing, and barring all Released Claims against the Released Parties in accordance with the Settlement Agreement;

    d.    determine the proper method of allocation and distribution of the Net Settlement Fund among Final Class Members;

    e.    determine whether the application for Class Counsel's Fees and Expenses is fair and reasonable and should be approved; and

    f.    rule on such other matters as the Court may deem appropriate.

The Court, having reviewed the settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now FINDS, ORDERS, and ADJUDGES as follows:

    1.    The Court, for purposes of this Order and Judgment (the "Order and Judgment"), adopts all defined terms as set forth in the Settlement Agreement and

incorporate them as if fully set forth herein, excepting terms otherwise defined herein.

2. The Court has jurisdiction over the subject matter of this Lawsuit and all matters relating to the settlement, as well as personal jurisdiction over Citation and all Settlement Class Members.

3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as:

> All non-excluded owners of a Royalty Interest in Oklahoma wells with respect to whom Citation paid or incurred an obligation to pay proceeds derived from the sale of oil, gas and/or other minerals occurring from the production month of January 1997 through and including the production month of March 2017; provided that excluded from the Settlement Class are those persons and entities listed on Appendix 1 hereto.

The referenced Appendix 1 is attached to this Order and Judgment as Appendix 1. The Settlement Class is comprised of owners of a "Royalty Interest," which is defined as follows: a fractional interest in production of oil, gas, and/or other minerals, or in the proceeds derived from the sale thereof, held or claimed by an owner of an interest in the mineral estate that is not a working interest or any interest carved out of a working interest. The term Royalty Interest includes the interest of a lessor under an oil, gas and mineral lease, and the royalty interest of an un-leased mineral owner covered by a spacing order, pooling order, or unitization order of the Oklahoma Corporation Commission. The term Royalty Interest does not include an overriding royalty interest, a production payment, or any other right carved out of a working interest.

The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this settlement. The Court finds that the persons and entities identified in the attached Exhibit A filed timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class will not participate in or be bound by the settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the

releases provided for in this Order and Judgment and in the Settlement Agreement.

4. At the Final Fairness Hearing held on January 14, 2019, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia,* the settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representative, Citation, and their respective counsel, but also the concerns of any objectors and the interests of all absent Settlement Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia,* approving the settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

5. The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notice disseminated to the Settlement Class and the Summary Notice published pursuant to the Settlement Agreement and the Preliminary Approval Order: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit, the settlement, their right to exclude themselves from the settlement, their right to object to the settlement or any part thereof and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma and other applicable law. Therefore, the Court approves the form, manner, and content of the Notice

and Summary Notice used by the Parties. The Court further finds that all Settlement Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the settlement.

6.      Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the settlement, including, without limitation, the consideration to be paid by Citation, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The settlement fairly reflects the complexity of the claims and defenses, and the balance between the benefits the settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between experienced counsel and parties alert to assert and defend their interests. The settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the settlement. The Parties and the Administrator are hereby authorized and directed to comply with and to cause the consummation of the settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Order and Judgment in the Lawsuit.

7.      By agreeing to settle the Lawsuit, Citation does not admit, and instead specifically denies, that the Lawsuit could have otherwise been properly maintained as a contested class action, and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representative, and Settlement Class Counsel.

8. The Court finds that on August 17, 2018, Citation caused notice of the settlement to be served on the appropriate state official for each state in which a Settlement Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Settlement Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Citation to include on each such notice the names of each of the Settlement Class Members who reside in each state and the estimated proportionate share of each such Settlement Class Member to the entire settlement as provided in 28 U.S.C.§ 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Settlement Class Members residing in each state and the estimated proportionate share of such Settlement Class Members. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Settlement Class Member may refuse to comply with or choose not to be bound by the settlement and this Court's orders in fu1thermore thereof, including this Order and Judgment, under the provisions of 28 U.S.C. § 1715.

9. The Lawsuit, the First Amended Complaint, and the Released Claims, are dismissed with prejudice as to the Released Parties. The Court finds that Citation has agreed not to file a claim against the Class Representative or Settlement Class Counsel based upon an assertion that the Lawsuit was brought in bad faith or without a reasonable basis. Similarly, the Court finds that the Class Representative has agreed not to file a claim against Citation

or Citation's Counsel based upon an assertion that the Lawsuit was defended in bad faith or without a reasonable basis. All Final Class Members are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and are barred and permanently enjoined from, directly or indirectly, on the Final Class Member's behalf or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other Party's litigation costs, costs of court, or attorneys' fees.

10. The Court also approves the efforts and activities of the Administrator, JND Legal Administration, in assisting with administration of the settlement, and directs them to continue to assist Class Representative in completing the administration and distribution of the settlement in accordance with the Settlement Agreement, this Judgment, the Plan of Allocation approved by the Court and the Court's other orders.

11. Nothing in this Order and Judgment shall bar any action or claim by Class Representative or Citation to enforce or effectuate the terms of the Settlement Agreement or this Order and Judgment.

12. The Administrator is directed to pay and distribute Class Counsel's Fees and Expenses,[2] Monies Otherwise Attributable to Opt-Outs, Funds to be Credited to Currently in Suspense Owners, and Administration, Notice, and Distribution Costs, at the times, and to the Parties provided for in the Settlement Agreement. The Administrator is further directed to issue and mail the Distribution Checks, to ascertain the Residual Unclaimed Funds, to pay

---

[2] The Court will issue a separate order relating to Settlement Class Counsel's application for an award of Class Counsel's Fees and Expenses (to include Settlement Class Counsel's fees, costs and expenses in an amount approved by the Court) and a Case Contribution Award to be paid to the Class Representative (in an amount to be approved by the Court).

9

and distribute any Residual Unclaimed Funds, at the times, and to the Parties provided for in the Settlement Agreement and by Order of the Court, and to close the McNeill Settlement Account.

13. This Order and Judgment, the settlement and the Settlement Agreement—including any documents made as part of the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, and any actions undertaken pursuant thereto—shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Order and Judgment or the settlement (including, but not limited to, defending or bringing an action based on the release provided for herein). The Order and Judgment, the settlement and the Settlement Agreement are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any allegation made in the Lawsuit, the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Lawsuit, the amount of damages, if any, that would have been recoverable in the Lawsuit, or any liability, negligence, fault, or wrongdoing of any person or entity in the Lawsuit.

14. As separately set forth in the Plan of Allocation, the allocation and distribution of the Net Settlement Fund among Final Class Members is approved as fair, reasonable, and adequate, and Settlement Class Counsel and the Administrator are directed to administer the settlement in accordance with the Plan of Allocation .

15. The Court finds that Class Representative, Citation, and their respective Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Lawsuit. The Court further finds that Class Representative and Settlement Class Counsel adequately represented the Settlement Class in entering into and implementing the settlement.

16. Neither Citation nor Citation's Counsel has any liability or responsibility to McNeill, the Class Representative, Settlement Class Counsel, or members of the Settlement Class with respect to payments or distributions from the Gross Settlement Fund, or with respect to its administration, including but not limited to any distributions made by the Administrator. No Class Member shall have any claim against Settlement Class Counsel, the Administrator, or any of their respective designees or agents based on payments and distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation, or orders of the Court.

17. Any Settlement Class Member who receives a Distribution Check that he/she is not legally entitled to receive is hereby ordered to either (1) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s), or (2) return the Distribution Check uncashed to the Administrator with any information available to the Settlement Class Member concerning the person(s) believed to be legally entitled to receive such portion(s).

18. Without affecting the finality of this Order and Judgment in any way, the Court (and any appellate court with power to review the Court's orders and rulings in the Lawsuit) reserves exclusive and continuing jurisdiction over the Lawsuit, Class Representative, the Settlement Class, Citation and the other Released Parties for the purposes of: (i) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the settlement, the Settlement Agreement, the Plan of Allocation, and this Order and Judgment; (ii) hearing and determining any application by Settlement Class Counsel for an award of Class Counsel's Fees and Expenses, if such determinations were not made at the Final Fairness Hearing; (iii)

supervising the distribution of funds by the Administrator; (iv) resolving any dispute regarding a Party's right to terminate the settlement pursuant to the Settlement Agreement; (v) enforcing the terms of the settlement, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement; and (vi) exercising jurisdiction over any challenge to the settlement on any basis whatsoever.

19. In an event the settlement is terminated as the result of a successful appeal of this Order and Judgment, or in the event this Order and Judgment does not become Final and Non- Appealable in accordance with the terms of the Settlement Agreement for any reason, then this Order and Judgment, and all orders previously entered in connection with the settlement, shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with.

21. The claims asserted by Class Representative in this Lawsuit are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties. The Court retains jurisdiction to supervise administration of the settlement distribution process and other aspects of the settlement as necessary, and to issue additional orders pertaining to, *inter alia,* Settlement Class Counsel's request for an award of Class Counsel's Fees and Expenses. Notwithstanding the Court's jurisdiction to issue additional orders in the Lawsuit, this Order and Judgment fully disposes of all claims as to Citation and is therefore a final appealable judgment. The Court further hereby expressly directs the Clerk of the Court to file this Order and Judgment as a final order and final judgment in this Lawsuit.

22. No objections were filed with the Court by purported Settlement Class Members who claimed to object to the settlement.

23.     The Court finds that, to the extent any objections are filed after the date of this Order, all objections are overruled and hereby severed from this action for the purposes of appeal. In the event any objector appeals this Order and Judgment, or any other rulings of this Court, such objector is hereby ordered to post a cash bond in an amount to be set by the Court sufficient to reimburse Settlement Class Counsel's appellate fees and expenses, Citation's appellate fees and expenses, and the lost interest to the Final Class Members caused by the delay, but in no event less than six percent (6%) per annum.

IT IS SO ORDERED.

Dated this 14th day of January, 2019.

_____

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

## Exhibit A – Timely Requests for Exclusion

| | |
|---|---|
| 30910 | MELBA HARBOUR TONIHKA |
| 54460 | COG HOLDINGS LLC |
| 107812 | CARL EDWIN SIBERTS JR |
| 91693 | DICK F SUTHERLAND REVOC TRUST |
| 93492 | ROSE MARY TIMMONS |
| 110537 | JANN WYNN BYFORD |
| 03849 | KATHLEEN H JONES |