**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RUTH ANN MCNEILL, as Trustee of the Vickrey Family Trust, on behalf of herself in her representative capacity and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CITATION OIL & GAS CORP., (including affiliated predecessors and affiliated successors),<br><br>  Defendant. | Case No. CIV-17-121-KEW |

## OPINION AND ORDER

This matter comes before the Court on the Class Representative's Motion to Amend the Final Plan of Allocation and Distribution Order (Docket Entry #88). This dispute arises post-settlement on the eve of the distribution of the Net Settlement Fund to the Final Class Members[1], as those terms are defined under

---

[1] A "Final Class Member" is defined under the Settlement Agreement as "each member or entity within the definition of the Settlement Class who does not timely or properly submit a Request for Exclusion, or who is not otherwise excluded from the Settlement Class by order of the Court." *See* Settlement Agreement at § 1.13. The "Settlement Class" is defined as

> All non-excluded owners of a Royalty Interest in Oklahoma wells with respect to whom Citation paid or incurred an obligation to pay proceeds derived from the sale of oil, gas and/or other minerals occurring from the production month of January 1997 through and including the production month of March 2017; provided that excluded from the Settlement Class are those persons and entities listed on Appendix 1 hereto.

the Settlement Agreement reached in this case. Expressly excluded from the Final Class Members is Citation Oil & Gas Corp. and several associated entities (collectively referred to as "Citation").[2]

Citation provided a list of owners who would qualify as members of the Settlement Class. However, Citation also provided a list of 3700 owners who would otherwise have been a member of the Settlement Class but whose interests were in suspense as of March of 2017 for various reasons including title problems. Of this amount, 800 owners came out of suspense after March of 2017 but had transferred their interests to other entities. From this subset, 155 owners coming out of suspense transferred their interest to Citation. The total amount of the Net Settlement Fund represented by these owners which would be distributed under the Settlement Agreement is $29,350.10. Citation contends that it is entitled to the distributed funds as one who is "legally entitled to the funds" under the Settlement Agreement and Judgment entered in this case. *See* Settlement Agreement at § 1.10; Judgment at § 17. As the argument is presented, Citation states that it acquired royalty interests from owners who would have been entitled to a distribution from the Net Settlement Fund. Under the Settlement

---

[2] The Citation entities identified in Appendix 1 to the Settlement Agreement which lists excluded entities are Citation 1987 Investment LP, Citation 1987-II Investment LP, Citation 1989 Investment LP, Citation 1994 Investment LP, Citation 2002 Inv LP, Citation 2002 Investment LP, Citation 2004 Investment LP, Citation Oil & Gas Corp., Citation Oil & Gas Investors, and Citation Prospect Origination.

Agreement and Judgment, when Citation acquired their interests, those owners were no longer "legally entitled to the funds" and, if they received a distribution, the past owners would be required to either pay the funds to Citation as the current owner or return the checks uncashed with any information concerning the proper owner. In either event, Citation asserts it would be entitled to the funds.

For her part, the Class Representative opposes any distribution to Citation as expressly prohibited by the Settlement Agreement. Citation is excluded from the definition of the Settlement Class and is, therefore, incapable of receiving a distribution.

Citation's legal hair splitting in attempting to define its entities' status as "a legal transferee of the interests from Final Class Members" as opposed to a "Final Class Member" is not well-taken. Under the Settlement Agreement, only a Final Class Member may take a distribution. *See* Settlement Agreement at §§ 1.10, 1.14, 1.16, 1.26; Article III, § 3.1. Citation's status as a transferee of any interest does not alter the requirement that it be a Final Class Member before it can receive a distribution. It can never achieve such a status under the Settlement Agreement. As a result, it is not entitled to any funds as a result of the

transfer of the interests of suspended owners.[3]

The question remaining is what becomes of the distribution funds represented by Citations acquired interests. Citation argues against distributing the funds to other Final Class Members as they are not "legally entitled to" the funds. In order to enforce the express terms of the Settlement Agreement, this Court cannot direct that the Settlement Funds be distributed to either Citation or the remaining Final Class Members. Since these funds cannot be distributed to these entities, the funds should be addressed as Residual Unclaimed Funds under the Settlement Agreement. After distribution to the Final Class Members has been accomplished, these funds as well as any other funds qualifying as Residual Unclaimed Funds shall be addressed on motion from the Class Representative in accordance with the Settlement Agreement at Article VIII, § 8.8.

IT IS THEREFORE ORDERED that Class Representative's Motion to Amend the Final Plan of Allocation and Distribution Order (Docket Entry #88) is hereby **GRANTED**. Citation and the affiliates identified in Appendix 1 to the Settlement Agreement are not

---

[3] This Court is somewhat concerned with the allegation that Citation received the curative title documents with regard to the interests of suspended owners well before the March 2017 date such that it would appear that Citation was intentionally or unintentionally concealing its acquisition of royalty interests of Final Class Members in providing the information of suspended and non-suspended owners to effectuate the settlement of this case. However, since the resolution of the issue of when the curative documents were received is not required to answer whether Citation can take a distribution, no further inquiry into this issue is necessary at this time.

entitled to a distribution under the Settlement Agreement since they are not Final Class Members.  The Final Plan of Allocation and Distribution Order is amended in that the $29,350.10 which would represent the distribution to suspended owners whose interests were acquired by Citation shall be retained by the Administrator as Residual Unclaimed Funds.  The distribution of those funds shall be addressed by the Administrator in accordance with Settlement Agreement at Article VIII, § 8.8.

IT IS FURTHER ORDERED that, as a result of the delay caused by the consideration of the issues raised by the Class Representative's Motion, the Administrator shall issue the Distribution Checks on or before fifteen (15) days after the entry of this Opinion and Order.  In all other respects, the terms of the Final Plan of Allocation and Distribution Order entered January 14, 2019 (Docket Entry #86) shall remain in full force and effect.

IT IS SO ORDERED this 11th day of April, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE